# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILFRED GUY (#111795)**  CIVIL ACTION

**VERSUS**

**JAMES M. LeBLANC, ET AL.**  NO. 12-0283-BAJ-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 18, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILFRED GUY (#111795)**                                           **CIVIL ACTION**

**VERSUS**

**JAMES M. LeBLANC, ET AL.**                              **NO. 12-0283-BAJ-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Capt. Grabiel Hebert, Warden Burl Cain, Ass't Warden Kevin Benjamin, Lt. M. Piazza, Dpty Warden Darryl Vannoy, Ass't Warden Perry Staggs, Col. Chad Darrbone, Ass't Warden Leslie Dupont, Col. David Voochies and Sgt. Trell Smith, complaining that the defendants violated his constitutional rights in March, 2012, by falsifying a disciplinary charge against him when he refused to provide incriminating information regarding wrongdoing by co-inmates and security officers working in the LSP kitchen. The plaintiff complains that he was thereafter denied procedural due process at his resulting disciplinary board hearing, that his subsequent punishment of a transfer to punitive segregated confinement at Camp J at LSP was overly harsh, and that administrative claims which he filed relative to the foregoing were wrongly denied.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott,

157 F.3d 1003 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.  Neiztke v. Williams, supra; Denton v. Hernandez, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915(e).  Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.

Applying the foregoing standard, the Court finds that the plaintiff has failed to allege a claim of constitutional dimension.  The plaintiff alleges in his Complaint, as amended, that on March 20, 2012, he was called to the office of defendant Gabriel Hebert and was there questioned regarding possible wrongdoing by co-inmates and security officers working in the LSP kitchen.  When the plaintiff responded that he was unaware of any such wrongdoing, defendant Hebert threatened the plaintiff and, on March 23, 2012, carried out that threat by charging the plaintiff with an allegedly false disciplinary charge, accusing the plaintiff of "Theft".  The plaintiff next asserts that on an unspecified date, defendant Trell Smith brought the plaintiff to the office of defendant Perry Staggs, and the plaintiff was again questioned, this time by defendant Kevin Benjamin, regarding similar alleged wrongdoing.  Again, however, the plaintiff indicated that he was not aware of such wrongdoing. The plaintiff also complains that defendants David Voochies, Leslie Dupont, M. Piazza, and Chad Darrbone participated in denying the plaintiff due process in connection with his resulting disciplinary proceedings, as a result of which proceedings the plaintiff was found guilty and sentenced to punitive segregated confinement at Camp J.  When the plaintiff filed a disciplinary appeal to challenge the defendants' actions, the appeal was improperly denied. Finally, the plaintiff complains that defendants Stalder, Cain and Vannoy are responsible for the general operation and supervision of the prison and/or of the areas where the events complained of occurred and are therefore responsible for the wrongdoing of the named subordinate officers.

The plaintiff's Complaint fails to state a claim cognizable in this Court. First, the law is clear that an allegation that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit does not, without more, assert a valid claim of the denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Accordingly, the plaintiff's claim regarding the allegedly false disciplinary report of March 23, 2012, is without merit. Moreover, the United States Supreme Court has held that prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment subjects an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. This Court similarly concludes in the instant case that the plaintiff's disciplinary sentence – placement in segregated confinement at Camp J at LSP – did not result in an atypical and significant deprivation in the context of prison life. See Dickerson v. Cain, 241 Fed.Appx. 193 (5th Cir. 2007) (holding that placement in Camp J at LSP does not present "an atypical or significant hardship beyond the ordinary incidents of prison life"). Accordingly, the plaintiff's claim regarding the alleged denial of procedural due process during his disciplinary board proceedings is also without merit and must be dismissed.

The plaintiff also complains that the referenced disciplinary charges and punishment were the result of retaliation in response to his refusal to provide information regarding the wrongdoing of other prisoners and/or prison employees. The Fifth Circuit has stated, however, that in order to establish a viable claim of retaliation, an inmate must be able to point to a specific constitutional right that has been violated. Jones v. Greninger, 188 F.3d 322 (5th Cir. 1999). The plaintiff in the instant case has not pointed to such a right. See Thomas v. Thomas, 46 Fed.Appx. 732 (5th Cir. 2002) (upholding dismissal of an inmate's claim where he complained that he was retaliated against for failure to provide information to prison officials). See also Hardeman v. Quarterman, 2010 WL 3782843 (E.D.Tex., Spet. 20, 2010) (same, holding that inmate's "retaliation claim fails because he

has not shown that he was retaliated against for the exercise of a constitutionally protected right"); Bradley v. Rupert, 2007 WL 2815733 (E.D. Tex., Sept. 25, 2007) (same). Accordingly, the plaintiff has failed to state a claim of retaliation in this case.

The plaintiff also complains that his constitutional right to equal protection was violated as a result of the defendants' actions. In this regard, the Equal Protection Clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. See Rolf v. City of San Antonio, 77 F.3d 823 (5th Cir. 1996). In order to successfully plead an equal protection claim, a civil rights plaintiff must allege and show that he is a member of a specific group and that prison officials acted with a discriminatory purpose because of such membership. A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." Taylor v. Johnson, 257 F.3d 470 (5th Cir. 2001). An inmate cannot base an equal protection claim solely on a personal belief that he has been a victim of discrimination. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995). Specifically, vague and conclusory allegations are insufficient to state an equal protection claim. See Pedraza v. Meyer, 919 F.2d 317 (5th Cir. 1990). In the instant case, all that the plaintiff has alleged is that he believes that his disciplinary sentence was more harsh than warranted, considering his age and conduct record. This assertion is insufficient to state a claim that prison officials intentionally singled out the plaintiff, as a member of a particular group, for disparate treatment or that the plaintiff is even a member of such a group. Accordingly, this claim does not rise to the level of a constitutional violation and must be dismissed.[1]

The plaintiff next complains that the defendants wrongly denied the disciplinary appeal and/or administrative grievance(s) which he filed in connection with the above-described incidents. This claim, however, is not one of constitutional dimension. The law is clear that an inmate plaintiff is not

---

[1] Although the plaintiff asserts that he is an aged inmate and is hearing-impaired and that, as a result, his placement in Camp J amounted to cruel and unusual punishment, his contention in this regard is unsupported and, without any factual development whatever, unpersuasive.

constitutionally entitled to an investigation of his administrative filings or to a fair or favorable result in response thereto. Further, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claim regarding the alleged conduct of the defendants in denying the plaintiff's administrative claims is without legal foundation and must also be dismissed.

Finally, turning to the plaintiff's claims asserted against defendants LeBlanc, Cain and Vannoy, the Court finds that the plaintiff has failed to allege sufficient connexity between the actions of these defendants and the alleged constitutional violations complained of. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of a constitutional right, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the instant case, all that the plaintiff has alleged relative to defendants LeBlanc, Cain and Vannoy is that, as the Secretary of the Louisiana Department of Corrections, Head Warden at LSP and Deputy Warden at LSP, respectively, these defendants are "legally responsible for all of the defendants' action[s] in this suit." It is clear that this is a statement of mere supervisory authority and, in the absence of any suggestion that defendants LeBlanc, Cain or

Vannoy were personally involved in the events alleged, there is no basis for the imposition of liability as to these defendants.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court over potential state law claims, such as the alleged falsification of documents and/or the alleged malfeasance in office by the defendants. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).[2]

Signed in Baton Rouge, Louisiana, on September 18, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."